

# T. A. BLACKBURN LAW

TYRONE A. BLACKBURN

MEMBER OF
NY & NJ BAR

FEDERAL DISTRICT COURT MEMBERSHIP
EDNY, NDNY, SDNY & DNJ

FEDERAL APPELLATE COURT MEMBERSHIP
SECOND CIRCUIT

1242 East 80th Street, 3rd Floor
Brooklyn, New York 11236

November 6, 2025

**Sent via e-Courts**:
Hon. Jennifer H. Rearden, USDJ
United States District Court
Southern District of New York
500 Pearl Street, Room 1010
New York, NY 10007

Re: *Kirk Burrowes v. Janice Smalls* et al.
Case No.: 1:25-cv-01618 (JHR)
Plaintiffs First Amended Complaint

Dear Judge Rearden:

I write as counsel for Plaintiff Kirk Burrowes to advise the Court that Plaintiff files herewith a First Amended Complaint that directly addresses every issue raised in Defendant's Motion to Dismiss (ECF No. 13, filed August 8, 2025).

PRELIMINARY STATEMENT

Earlier today, I sent a private email to the chambers (copying defense counsel), briefly explaining the circumstances that delayed filing the amended complaint, specifically multiple family tragedies that occurred since the filing of the motion to dismiss. What I did not mention in that email is that I requested that defense counsel agree to extend Plaintiff's time to file. Despite my request and explanation of extraordinary circumstances, defense counsel did not respond.

I also note that Plaintiff granted Defendants nearly six months to respond to the original Complaint when Defendant's son, Sean Combs, was being prosecuted at the SDNY over the summer of 2025. When I faced extraordinary family circumstances and sought a brief extension, defense counsel refused the same professional courtesy.

///
///
///
///

347-342-7432   tblackburn@tablackburnlaw.com   TABlackburnlaw.com



T. A. BLACKBURN LAW

    I.    THE AMENDED COMPLAINT DEFEATS ALL FOUR GROUNDS FOR DISMISSAL

    A.  <u>Personal Jurisdiction [Rule 12(b)(2)]</u>

<u>Defense Argument</u>: Florida domiciliary with no NY contacts.

<u>Our Response</u>: Paragraph 39A provides eight specific bases for personal jurisdiction under N.Y. C.P.L.R. sec. 30, including co-founding NY corporation BBE; regular presence at Manhattan offices (1440 & 1540 Broadway); executing documents in NY; receiving Plaintiff's shares through NY transactions; deriving continuing financial benefits from NY corporation (ongoing jurisdiction); soliciting Plaintiff's 2019-2021 documentary work from/in NY; directing fraud at NY domiciliary; and committing 1996 torts in Manhattan.

    B.  <u>Res Judicata [Rule 12(b)(6)]</u>

<u>Defense Argument</u>: Prior lawsuits against Sean Combs, a person who is not named in this case, preclude this action.

<u>Our Response - Three Independent Defenses</u>:

1. <u>Different Party</u>: Smalls was not a party to prior suits against Sean Combs and BBE entities (¶264). She concealed her role for decades.

2. <u>2024 Discovery (¶¶258A-D, 259A-D)</u>: Plaintiff didn't discover until 2024 that Smalls personally held his shares. He believed shares went to a corporate entity controlled by Sean Combs. Discovery was based on 2024 discoveries and insider information, revealing that Smalls held legal title individually. This is fatal to res judicata—Plaintiff couldn't sue someone he didn't know was the wrongdoer. *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 155 (2d Cir. 2012).

3. <u>Independent 2019-2021 Fraud (¶¶143-157, 265-267)</u>: New fraud occurring after the 2019 lawsuit—phone calls with false promises, requests for banking info, exploitation of creative work. It cannot be barred by res judicata.

    C.  <u>Statute of Limitations [Rule 12(b)(6)]</u>

<u>Defense Argument</u>: 2019 admission started the clock; claims time barred.

<u>Our Response - Five Independent Tolling Theories</u>:

1. <u>2024 Discovery Rule (¶¶258A-D, 259A-D)</u>: Plaintiff didn't discover Smalls' personally held shares until 2024. 2019 admission was about Sean Combs, not Smalls. Corporate records



were concealed, Smalls made false denials, and the Plaintiff had limited resources/homelessness. *Koch*, 699 F.3d at 155.

2. <u>Fraudulent Concealment (¶¶215-258)</u>: Four specific false statements (¶154A-D) in 2019, 2020, 2021 denying receipt of shares. *Simcuski v. Saeli*, 44 N.Y.2d 442 (1978).

3. <u>Independent 2019-2021 Claims (¶¶143-157)</u>: Documentary fraud within 6-year statute—timely regardless of 1996 events.

4. <u>Equitable Estoppel (¶¶241-249)</u>: False promises to "make it right" and a request for banking information induced forbearance.

5. <u>Continuing Wrong (¶¶235-240, 256-257)</u>: Each profit distribution = new conversion. *Selkirk v. State*, 249 A.D.2d 818 (3d Dep't 1998).

### D. Failure to State Claims / Rule 9(b) [Rule 12(b)(6)]

<u>Defense Argument</u>: Fraud lacks particularity.

<u>Our Response</u>: Paragraph 154A-D provides four specific false statements satisfying Rule 9(b):

- <u>2019</u>: "Never received' shares, 'did not know" (Sean Combs present on call).
- <u>2020</u>: "Had nothing to do with" transaction.
- <u>2021</u>: "Accountants would arrange payment," requested banking info, never intended to pay.
- <u>1996-2008</u>: Repeatedly denied receiving shares, claimed "silent partner."

Satisfies "who, what, when, where, why, how" required by Rule 9(b).

<u>Other Claims</u>: Conversion identifies specific property (25% shares, documentary materials, 15% profit share); unjust enrichment from 1996 shares + 2019-2021 documentary; civil conspiracy explicitly asserted for vicarious liability. *Kirch v. Liberty Media*, 449 F.3d 388, 401 (2d Cir. 2006).

## II.   CONCLUSION

The First Amended Complaint: (1) establishes personal jurisdiction through eight specific bases, including continuing NY benefits; (2) defeats res judicata through different parties, 2024 discovery, and independent 2019-2021 fraud; (3) establishes timeliness through five tolling theories; and (4) satisfies Rule 9(b) through four specific false statements.

Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss in its entirety.


347-342-7432   tblackburn@tablackburnlaw.com   TABlackburnlaw.com



                                              Respectfully Submitted,

                                              /s/*Tyrone A. Blackburn, Esq.*
                                                Tyrone A. Blackburn, Esq.

Cc: All counsel of record via ECF.

 347-342-7432　 tblackburn@tablackburnlaw.com　TABlackburnlaw.com