UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Kirk Burrowes,<br>Plaintiff,<br>-against-<br><br>Janice Smalls (a/k/a Janice Combs), JOHN and JANE DOES 1-10, and ABC Corporations 1-10,<br>Defendants. | Case No. 1:25-cv-01618 (JHR) (RWL)<br><br>Declaration Of Kirk Burrowes |

I, KIRK BURROWES, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am the Plaintiff in this action. I submit this declaration in support of my opposition to Defendant Janice Smalls's motion to dismiss my First Amended Complaint.
2. I am 64 years old, and I am currently homeless.
3. I have personal knowledge of the facts stated in this declaration. If called as a witness, I could and would testify truthfully and competently to these facts.
4. I have worked in the entertainment and media industries, including at Katz Communications, ABC Television and Films, and Orion Motion Pictures.
5. I contributed professional experience, work, and financial resources during the early period of Bad Boy Entertainment ("BBE").
6. Based on my work and contributions, I have consistently maintained that I was entitled to a 25 percent ownership interest or stock interest in BBE.
7. I have also consistently maintained that I was entitled to 15 percent of certain earnings that were withheld from me.
8. I was not paid the ownership interest or earnings that I claim were due to me.
9. I have experienced ostracism, blacklisting, and exclusion from business opportunities after asserting my ownership and compensation claims.
10. In 1996, I was involved in events concerning the transfer and loss of my claimed interest in BBE.
11. Those events included a meeting at my New York office involving Sean Combs and Mr. Meiselas.
12. I was not aware at that time that Defendant Janice Smalls had personally received or retained my claimed interest in BBE.
13. For many years, Defendant Smalls represented to me that she had no knowledge of, involvement in, receipt of, or benefit from the transfer of my claimed interest.
14. I relied on those representations in understanding who was involved in the events concerning my claimed interest.
15. I previously pursued claims concerning the 1996 events in lawsuits filed in or about 2003 and 2004.
16. Those prior lawsuits concerned the conduct of persons and entities other than Defendant Smalls, including claims relating to the 1996 transfer.
17. Defendant Smalls was not a party to those prior lawsuits.
18. The prior lawsuits did not resolve whether Defendant Smalls personally received or retained my claimed interest in BBE.
19. In 2019, I attended an event involving Diana Ross in New York.

20. At that event, Sean Combs admitted the wrongdoing he and his mother, Defendant Smalls, had committed in connection with the 1996 incident and said they needed to make things right with me. Defendant Smalls was present and agreed.
21. Defendant Smalls also referred to me as family during that conversation.
22. During or after that conversation, Defendant Smalls solicited my banking information so that restitution could be paid to me after the financial value of my claimed 1996 interest was determined.
23. I provided my banking information to Defendant Smalls by text message in response to her request.
24. I possess the text message or other documentary evidence reflecting the transmission of my banking information.
25. Beginning in or about 2020, Defendant Smalls also solicited my assistance with a documentary concerning BBE and its history.
26. The documentary-related discussions continued through approximately 2021.
27. Defendant Smalls requested historical footage, photographs, documents, records, research, and other materials relating to BBE and its history.
28. Defendant Smalls also requested that I prepare or provide a documentary treatment and related creative work product.
29. I supplied materials and work product in response to those requests.
30. The materials I supplied included historical documents, photographs, records, research, and creative content relating to BBE.
31. I provided those materials because Defendant Smalls represented that they would be used in connection with the documentary and that I would be compensated.
32. Defendant Smalls received or retained the materials and work product that I provided.
33. I was not paid for the materials, research, documentary treatment, or other work product that I supplied.
34. Defendant Smalls also did not return all of the materials that I provided.
35. The documentary-related materials and work product were separate from my claimed ownership interest in BBE.
36. My claim for the value of the documentary-related materials and work product is based on what I provided between approximately 2020 and 2021.
37. In 2019, Defendant Smalls's statements caused me to believe that restitution relating to my claimed ownership interest might be made.
38. Defendant Smalls's statements concerning the documentary caused me to provide additional materials and work product that I otherwise would not have provided without an expectation of compensation.
39. In or about 2024, an investigation conducted through counsel obtained corporate records, documentary evidence, and information from former BBE insiders concerning Defendant Smalls's role in receiving or retaining my claimed interest.
40. Before that investigation, I did not possess documentary proof establishing that Defendant Smalls personally received and retained my claimed interest.
41. The information obtained in 2024 contradicted Defendant Smalls's earlier representations that she had no role in, knowledge of, or benefit from the transfer.
42. I commenced this action in February 2025.

43. I have preserved documents and communications relating to my claims, including communications concerning my banking information and the documentary materials I provided.
44. I also know of witnesses and other evidence that may corroborate my work for BBE, my claimed ownership and earnings interests, the 1996 events, Defendant Smalls's later statements, and the documentary-related transaction.
45. I am prepared to testify under oath concerning the facts stated in this declaration and to provide the supporting evidence in my possession.
46. I intend that any ownership or earnings interests that I establish in this action be treated as assets of my estate and pass to my family if I die before this litigation is resolved.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on September 16, 2026
New York, New York

Kirk Burrowes (Sep 17, 2026 01:29:43 EDT)

Kirk Burrowes